### RALLEY v. O'CONNOR.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. COMPENSATION FOR SERVICES—ACTION—PAYMENT—BURDEN OF PROOF.

In an action to recover a balance due as compensation for services to defendant's testator as a domestic servant, plaintiff, having proved the rendition of the services and the value, is not required to prove nonpayment.

2. APPEAL—EVIDENCE—EXCEPTION.

Where witnesses were permitted, over objection, to testify as to certain matters, but no exception was taken, the judgment should not be reversed because of the error in admitting such testimony.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Ellen N. Ralley against Michael P. O'Connor, as executor of the will of Luis F. Sass. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Robert P. Harlow, for appellant.
John C. Gulick, for respondent.

PATTERSON, J. From a judgment in an action for personal services claimed to have been rendered by the plaintiff as a domestic servant in the family of the defendant's testator, and from an order denying a motion for a new trial, the defendant appeals. But two questions are presented. The first relates to the proof required to support the action. It is alleged in the complaint that during a certain period the services for which compensation is sought were rendered, that they were of a certain value, and that a balance of the amount owing for such services has not been paid. The defendant contends in an elaborate argument that it being necessary for the plaintiff to prove a breach of the contract, and that breach consisting in the nonpayment of the money, it was incumbent upon the plaintiff to show that payment had not been made. The discussion of that subject, so far as this court is concerned, is foreclosed by what we decided in the cases of Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541, and In re Rowell, 45 App. Div. 324, 61

N. Y. Supp. 382, in which it was held that proof of nonpayment was not required to be made by a plaintiff in cases of this character.

It is further argued by the defendant that error was committed by the court below in allowing the plaintiff to testify to certain matters which it is claimed come within the inhibition of section 829 of the Code of Civil Procedure. The plaintiff had proven by the testimony of the testator's widow that for some years the plaintiff had acted in the capacity of a domestic servant in the household of the testator, and proof was also given by another witness that the plaintiff had acted for some months in the same capacity in the testator's household. After that testimony was given, the plaintiff was put upon the stand, and she testified that she had lived in the testator's house. She was then asked the question, "With whom were your arrangements made for working in 56 West Thirty-Ninth street?" that being the place of residence of the defendant's testator. An objection was taken to that question. The witness was allowed to answer it, but no exception was taken by the defendant's counsel. The witness answered that the arrangement was made with the defendant's testator, and that his wife was present at the time. Had an exception been taken to this ruling of the court, the error in admitting the evidence might require a reversal of the judgment; but, as that was not done, we cannot disturb it.

There is nothing further in the case requiring special consideration, and the judgment and order appealed from must be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.